DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Jaquar K. Latimer, appeals from the judgment of the Summit County Court of Common Pleas which convicted him of tampering with evidence, carrying a concealed weapon, having a weapon while under disability, and obstructing official business. We affirm.
 {¶ 2} On August 1, 2003, the Summit County Grand Jury charged Defendant with one count of burglary, in violation of R.C.2911.12(A)(1); one count of tampering with evidence, in violation of R.C. 2921.12(A)(1); one count of carrying a concealed weapon, in violation of R.C. 2923.12; one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(3); and one count of obstructing official business, in violation of R.C.2921.31(A). Defendant pled not guilty and a jury trial was held.
 {¶ 3} After the State rested, Defendant made an oral motion for acquittal. The trial court granted Defendant's motion as to the charge of burglary; the remaining counts were submitted to the jury. Thereafter, Defendant was found guilty of the remaining charges and sentenced accordingly. Defendant timely appealed and asserts two assignments of error, which have been combined for ease of review.
 ASSIGNMENT OF ERROR I
"[Defendant's] conviction of tampering with evidence is contrary to the manifest weight of the evidence."
 ASSIGNMENT OF ERROR II
"[Defendant's] conviction for carrying [a] concealed weapon is contrary to the manifest weight of the evidence."
 {¶ 4} In his first and second assignments of error, Defendant challenges the adequacy of the evidence presented at trial. Specifically, Defendant avers that the his convictions for tampering with evidence and carrying a concealed weapon were against the manifest weight of the evidence presented at trial. Defendant's assignments of error are not well taken.
 {¶ 5} "[A] manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing State v.Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id
 {¶ 6} In the present matter, Defendant was convicted of tampering with evidence, and carrying a concealed weapon. In order for Defendant to be convicted of tampering with evidence, the State was required to demonstrate that Defendant knew an official proceeding or investigation was in progress and that he attempted to alter, destroy, conceal or remove a record, document, or thing, with purpose to impair its availability as evidence in such proceeding or investigation. See R.C.2921.12(A)(1). The charge of carrying a concealed weapon requires proof that Defendant knowingly carried or had, concealed on his person or ready at hand, a deadly weapon or dangerous ordnance. See R.C. 2923.12(A).
 {¶ 7} Officers Nicholas Herstich and Troy Meech, of the Akron Police Department, testified at trial. The officers indicted that while on duty the evening of July 24, 2003, they received a call from dispatch indicating that there was a nude, drunk male walking down Manchester Road. The officers responded to the area and observed three men walking in the street. Office Herstich indicated that one of the individuals, with no shirt, drooping pants and intoxicated mannerisms, matched the description they had received.
 {¶ 8} As the officers approached, the males walked towards 1266 Manchester and began climbing the porch steps. The officers exited their cruiser and Officer Herstich requested that the males come down from the porch as he needed to speak with them. The officers recalled that the shirtless male immediately complied with the request whereas Defendant remained on the porch. The other male, Anthony Travis ("Travis"), entered the house. When Officer Herstich asked Defendant to come down from the porch for a second time, he observed Defendant turn his back, hunch over and lift up his untucked shirt. Officer Herstich testified that he then saw Defendant bend over behind a garbage can, remove something from his waistband and set it down. The item made a loud "klud" on the wooden porch. Thereafter, Defendant descended the stairs. Officer Herstich asserted that he immediately walked over to the area where Defendant was and discovered a black pistol behind the garbage can. Officer Herstich stated that as he was ordering Officer Meech to arrest Defendant for carrying a concealed weapon, Defendant fled. He was apprehended shortly thereafter.
 {¶ 9} Travis testified on behalf of Defendant and offered a different version of the evening's events. Travis maintained that the gun belonged to the shirtless male, who he knew only by the name of Lance. He stated that Officer Herstich found the gun lying on the sidewalk in front of 1266 Manchester and "came running up * * * [and] asked whose gun [it] was[.]" Travis stated that he told the officers the gun was not his. He then recalled seeing Defendant run away.
 {¶ 10} Travis indicated that he never saw Defendant in possession of the gun. However, Travis testified that he did observe Lance with the gun, as he showed it to him earlier that day. Travis explained that after he observed Defendant flee, he entered 1266 Manchester and offered to pay the resident to let him "hide out" there as Travis also had a gun and did not want the officers to find it. Lastly, Travis acknowledged that he was subsequently convicted of burglary, in relation to his entrance at 1266 Manchester residence, and for carrying a concealed weapon.
 {¶ 11} After careful review of the record, we are unable to conclude that the trier of fact lost its way and created a manifest miscarriage of justice when convicting Defendant of tampering with evidence and carrying a concealed weapon. Clearly, the jury, in weighing the evidence, the credibility of the witnesses and testimony elicited at trial, could have concluded that Defendant was guilty of the various charges. Moreover, a determination as to what occurred is a question for the trier of fact, and it is not the function of the appellate court to substitute its judgment for that of the factfinder. See State v.Jenks (1991), 61 Ohio St.3d 259, 273. Consequently, we find that Defendant's convictions were not against the manifest weight of the evidence.
 {¶ 12} Defendant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, P.J., and Batchelder, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.