DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Marcus Brooks, appeals from his conviction in the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} On November 11, 2004, the Summit County Grand Jury indicted Appellant on one count of tampering with evidence, in violation of R.C.2921.12(A)(1), a third-degree felony; one count of having weapons while under disability, in violation of R.C. 2923.13(A)(3), a third-degree felony; one count of carrying a concealed weapon, in violation of R.C.2923.12(A)(2), a fourth-degree felony; and one count of obstructing official business, in violation of R.C. 2921.31(A), second-degree misdemeanor. These charges arose when Appellant, unprovoked, fled from the police and allegedly discarded a gun by throwing it on the roof of a store.
 {¶ 3} Appellant pled not guilty to all of the charges. A jury trial was held in September 2006. However, a mistrial was declared due to juror misconduct. Appellant then waived his right to a jury trial and proceeded with a bench trial. The trial court found Appellant guilty of tampering with evidence, having a weapon while under disability, and carrying a concealed weapon. Appellant was found not guilty as to the obstructing official business charge.
 {¶ 4} The trial court sentenced Appellant to 12 months in prison on counts one and two and six months in prison on count three to be served concurrently. The prison sentence was suspended in lieu of one year of community control.
 {¶ 5} Appellant timely appealed, asserting three assignments of error for review. For ease of review, we will combine the second and third assignments of error.
 II. A. First Assignment of Error
"THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF THE APPELLANT BY ADMITTING HEARSAY EVIDENCE."
 {¶ 6} Appellant's first assignment of error alleges that the trial court allowed impermissible hearsay testimony from Officer Alexander regarding how the gun was located on the roof of a store. According to Appellant, the admission of the impermissible hearsay evidence was plain error.[1] We disagree.
 {¶ 7} The proper standard of review regarding the trial court's admission of evidence is abuse of discretion. State v. Ahmed,103 Ohio St.3d 27, 2004-Ohio-4190, at ¶ 79. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 8} Pursuant to Evid.R. 801(C), "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is inadmissible at trial unless it falls into one of the applicable exceptions. Evid.R. 802. The exceptions to the general prohibition of hearsay are enumerated in Evid.R. 803.
 {¶ 9} Pertinent to this matter is the excited utterance exception. An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Evid.R. 803(2). The rationale for admitting hearsay statements pursuant to the excited utterance exception is that the declarant is unable, due to the startling event, to reflect on the statement sufficiently to fabricate it. State v. Wallace (1988),37 Ohio St.3d 87, 88. Additionally, excited utterances are deemed trustworthy as the statement is made while the impression of the event is still fresh and intense in the declarant's mind. State v. Taylor
(1993), 66 Ohio St.3d 295, 300.
 {¶ 10} In this case, the trial court permitted Officer Alexander to testify as to what the store clerk said to him based on the excited utterance exception. Officer Alexander described the store clerk's demeanor as "excited" and his speech as an "excited expression." Officer Alexander explained that the store clerk came running out of the store towards the police officers as they were handcuffing the Appellant. The store clerk advised the officers that he just heard something hit the roof of the store and wanted the officers to check the roof. The store clerk's excited utterance corroborated Officer Alexander's observation of Appellant removing his hands from his pockets and making an underhanded throwing motion near the store. Accordingly, the store clerk's excited utterance was made to the police within seconds of hearing the gun hit the roof of his store. Based on the store clerk's excited demeanor and expression and his immediate reporting of something hitting his roof to the police officers, we find the trial court did not abuse its discretion in admitting the hearsay statements under the excited utterance exception.
 {¶ 11} Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE, WHICH CONSTITUTES A DENIAL OF APPELLANT'S DUE PROCESS RIGHTS."
 Third Assignment of Error
"THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} In the second assignment of error, Appellant argues that Appellee failed to present sufficient evidence that Appellant possessed the gun or that the gun belonged to Appellant. Thus, Appellant alleges that Appellee failed its burden of production as to the carrying a concealed weapon, having a weapon under disability, and tampering with evidence charges. In his third assignment of error, Appellant attacks the police officers' testimony and alleges that the same convictions were also against the manifest weight of the evidence. We disagree with both of Appellant's arguments.
 {¶ 13} As a preliminary matter, we observe that sufficiency of the evidence and weight of the evidence are legally distinct issues.State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency is a question of law. Id.; State v. Smith (1997), 80 Ohio St.3d 89, 113. Under this construct, the State has failed its burden of production, and as a matter of due process, the issue should not even have been presented to the jury. Thompkins, 78 Ohio St.3d at 386; Smith,80 Ohio St.3d at 113.
 {¶ 14} In a sufficiency analysis, an appellate court presumes that the State's evidence is true (i.e., both believable and believed), but questions whether the evidence produced satisfies each of the elements of the crime. Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307, 319. This standard requires no exhaustive review of the record, no comparative weighing of competing evidence, and no speculation as to the credibility of any witnesses. Instead, the appellate court "view[s] the evidence in a light most favorable to the prosecution." Id. "[T]he weight to be given the evidence and the credibility of witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 15} "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
"A court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial." Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring). This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Otten, 33 Ohio App.3d at 340.
 {¶ 16} In application, this may be stated as a "[c]ourt will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other." State v. Lee,158 Ohio App.3d 129, 2004-Ohio-3946, at ¶ 15, quoting State v. Hall (Sept. 20, 2000), 9th Dist. No. 19940, at *5. Nor is a conviction "against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Urbin, 148 Ohio App.3d 293,2002-Ohio-3410, at ¶ 26, quoting State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at *7. Moreover, a conviction may withstand evidence that is susceptible to some plausible theory of innocence. State v.Figueroa, 9th Dist. No. 22208, 2005-Ohio-1132, at ¶ 7, citingJenks, 61 Ohio St.3d at 273.
 {¶ 17} Finally, although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. "Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Lee at ¶ 18, citing Cuyahoga Falls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735, at *3. Accord Urbin at ¶ 31. In the present case, manifest weight is dispositive on both of Appellant's assignments of error.
 {¶ 18} Appellant was convicted of carrying a concealed weapon, in violation of R.C. 2923.12(A)(2), which provides that "No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following: * * * (2) A handgun other than a dangerous ordnance." In order for a weapon to be concealed it must be "so situated as not to be discernible by ordinary observation by those near enough to see it if it were not concealed." State v. Davis (1984),15 Ohio App.3d 64, 64-65.
 {¶ 19} Additionally, Appellant was convicted of tampering with evidence in violation of R.C. 2921.12(A)(1), which states that
 "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following: (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."
 {¶ 20} Lastly, Appellant was found guilty of having a weapon under disability, in violation of R.C. 2923.13(A)(3), which provides in relevant part that
 "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *."
 {¶ 21} In each of these convictions, Appellant contests the element of possession. Appellant contends that the convictions should be reversed because Appellee failed to prove that he possessed the gun. However, we find that there was ample evidence presented at trial to show that Appellant possessed the gun.
 {¶ 22} R.C. 2901.21(D)(1) sets forth the requirements for general criminal liability and provides that "[possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession." "Possession may be actual or constructive." State v. Kobi (1997), 122 Ohio App.3d 160, 174. This general definition of possession applies to Appellant's convictions of having a weapon under a disability, carrying a concealed weapon, and tampering with evidence.
 {¶ 23} The word "have" in R.C. 2923.12 and 2923.13 means the defendant either actually or constructively possessed the firearm. See State v.Hardy (1978), 60 Ohio App.2d 325, 327; State v. Scott (Dec. 14, 2001), 8th Dist. No. 77461, at *6. As the gun was not found on Appellant's person, the State must prove Appellant constructively possessed the gun. The courts have defined constructive possession as "knowingly exercis[ing] dominion and control over an object, even though that object may not be within [the possessor's] immediate physical possession." State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus. Furthermore, ownership of the weapon need not be proven to establish constructive possession, as a person may "possess property belonging to another." State v. Mann (1993), 93 Ohio App.3d 301, 308. See, also,State v. Robinson (Oct. 25, 2000), 9th Dist. No. 19905, at *4; U.S. v.Clemis (C.A.6, 1993), 11 F.3d 597, 601.
 {¶ 24} The State may prove dominion and control solely through circumstantial evidence. State v. Mack, 9th Dist No. 22580,2005-Ohio-5808, at ¶ 13. See Jenks, 61 Ohio St.3d at 272. If the State relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "`such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.'" State v. Daniels (June 3, 1998), 9th Dist. No. 18761, at *1, quoting Jenks, 61 Ohio St.3d 259, at paragraph one of the syllabus. "`Circumstantial evidence and direct evidence inherently possess the same probative value[.]'" State v. Smith (Nov. 8, 2000), 9th Dist. No. 99CA007399, at *6, quoting Jenks, 61 Ohio St.3d 259, at paragraph one of the syllabus.
 {¶ 25} Furthermore, "`[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.'" State v. Chisolm (July 8, 1992), 9th Dist. No. 15442, at *2, quoting Jenks, 61 Ohio St.3d at 272. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. State v. Lott (1990),51 Ohio St.3d 160, 168, citing Hurt v. Charles J Rogers Transp. Co. (1955),164 Ohio St. 329, 331. Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. Id.
 {¶ 26} This Court has previously held that circumstantial evidence may be used to infer that a defendant charged with carrying a concealed weapon constructively possessed a concealed weapon even though the weapon was not found on the defendant. See State v. Israel (July 22, 1992), 9th Dist. No. 15487, at *2 (Defendant wore an ankle holster and a gun fitting the holster was found 20 to 25 yards from defendant's car.). Additionally, this Court has held there was sufficient evidence to support charges of carrying a concealed weapon and tampering with evidence where the defendant was observed by a police officer removing something from his waistband, setting the item down behind a garbage can, and the officer discovered a gun where defendant had been standing. See State v. Latimer, 9th Dist. No. 21817, 2004-Ohio-1985, at ¶ 8, 11.
 {¶ 27} Appellant's brief asserts that there was insufficient evidence and the evidence was against the manifest weight as to Appellant's possession of the gun. Based upon a review of the record, this Court finds it reasonable that the trier of fact could have believed the testimony and evidence proffered by the State. The trier of fact heard testimony from Appellee's two witnesses, both of whom were police officers. The evidence in this case, consisting of what the police officers observed and how they found Appellant's gun, clearly supports a finding of possession by Appellant.
 {¶ 28} Officer Alexander testified that Appellant had both of his hands in his pockets when they approached him on the porch. Officer Mobley also testified that he saw Appellant stand up and put his hands in his pockets as they approached the porch. To ensure officer safety, Officer Mobley announced to his partner that Appellant had placed his hands in his pockets.
 {¶ 29} Without provocation, Appellant jumped five feet off the porch and ran from the officers. Officer Alexander followed in the cruiser, while Officer Mobley followed Appellant on foot. Officer Alexander drove the cruiser around the block and saw Appellant walking in the parking lot along side a carry-out store. While he was approximately 30 to 40 feet away, Officer Alexander saw Appellant take his hands out of his pockets and throw an object underhanded into the air. Officer Alexander admitted that the police cruiser impeded his view and he was unable to see what the object was or where it landed.
 {¶ 30} Officer Mobley was approximately five yards behind Appellant as he was fleeing. Officer Mobley testified that Appellant kept both of his hands in his pockets as he ran away. Officer Mobley lost sight of Appellant when he turned the corner near the store. Accordingly, Officer Mobley did not see Appellant take his hands out of his pockets nor make an underhanded throwing motion.
 {¶ 31} As the officers were handcuffing Appellant, the store clerk ran outside towards the officers. The store clerk was very excited and advised the officers that he just heard something land on the roof of the store. Using the store clerk's ladder, Officer Alexander climbed onto the roof to search for the object that Appellant had tossed. Officer Alexander initially was looking for drugs, but instead found a loaded gun.
 {¶ 32} After finding the gun on the roof, Officer Alexander asked Appellant why he had a gun. Appellant responded: "You'd have one too if you had been shot." Officer Mobley testified that as they drove to the police station, Appellant told the officers that "[Y]ou'd have a gun, too, if you had been robbed twice" and that he carried it for protection. Appellant's own statements establish his possession of the gun.
 {¶ 33} Appellant argues that there is no physical evidence linking the gun found on the roof to Appellant. Officer Alexander conceded that no physical evidence was obtained with regards to the gun due to Appellant's admission of possession of the gun and his proximity to the gun. While there was a lack of physical evidence, there was ample circumstantial evidence establishing Appellant's possession of the gun: Officers Alexander and Mobley witnessing Appellant putting his hands in his pockets when approached, Appellant keeping his hands in his pocket as he fled, Officer Alexander witnessing Appellant removing his hands and throwing something into the air, the store clerk exclaiming that something had hit his roof, and the discovery of a gun on the roof. See,Israel and Latimer, supra. Even more compelling than the circumstantial evidence, are Appellant's own admissions, while in police custody, of possessing the gun.
 {¶ 34} Based on our review of the entire record, we conclude that Appellant's criticisms of the State's evidence in this case are inadequate to prove that the trial court lost its way and created a manifest miscarriage of justice. Thompkins, 78 Ohio St.3d at 387. Rather, we find it reasonable that the trial court believed the State's version of the events, disbelieved Appellant, and convicted him accordingly. We conclude that the convictions for having a weapon under disability, carrying a concealed weapon, and tampering with evidence were not against the manifest weight of the evidence.
 {¶ 35} Having found that Appellant's conviction was not against the manifest weight of the evidence, we also conclude that there was sufficient evidence to support the trial court's verdict in this case with respect to the offenses. See Roberts, supra. Accordingly, Appellant's second and third assignments of error are overruled.
 III. {¶ 36} Appellant's assignments of error are overruled. The judgment of Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. MOORE, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Appellant's assignment of error states that plain error occurred due to the trial court's admission of the hearsay testimony. However, a review of the record shows Appellant timely objected to the hearsay testimony, thus plain error analysis is inappropriate. See State v.Harris, 7th Dist. No. 04 JE 44, 2006-Ohio-3520, at ¶ 64. However, a closer review of Appellant's arguments in his brief reveals that Appellant was in fact arguing an abuse of discretion in the admission of the hearsay testimony.