[Cite as *State v. Miller*, 2016-Ohio-7952.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27996 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RONDALE L. MILLER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2015 02 0309 |

DECISION AND JOURNAL ENTRY

Dated: November 30, 2016

WHITMORE, Presiding Judge.

{¶1} Appellant, Rondale Miller, appeals his convictions from the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In the early morning hours of February 1, 2015, Rondale Miller called his aunt[1] to see if she wanted to have a drink with him for his birthday. It was snowing that evening and his aunt was in the basement of her home with her daughter and a close family friend listening to music and drinking alcohol. Mr. Miller's aunt invited him over, and he arrived shortly thereafter.

{¶3} Although there was conflicting testimony regarding the timeline of events, there is no dispute that Mr. Miller became upset, was asked to leave, and eventually exited through the back door of the home. According to the testimony of his aunt and her daughter, Mr. Miller then

---

[1] At trial, his aunt described Mr. Miller as her husband's nephew.

went to the garage in the backyard, emerged holding a handgun, and fired several shots into the air as he walked from the driveway into the street. Mr. Miller's aunt called the police, at which point Mr. Miller began running down the street.

{¶4} Police arrived and collected five shell casings; one from the driveway and four from the street. Officer Matthew Whitmire testified that he tracked the footprints in the snow for several blocks, which led him to a shed located behind a home, then to a nearby bush, and then back to the shed. Officer Whitmire ultimately discovered a nine millimeter handgun wrapped in a towel and hidden beneath a piece of cardboard under the bush. Other officers found Mr. Miller inside of the shed.

{¶5} Mr. Miller was arrested and charged with the following seven crimes: (1) having a weapon under a disability in violation of Revised Code Section 2923.13(A)(2)/(3); (2) tampering with evidence in violation of Section 2921.12(A)(1); (3) carrying a concealed weapon in violation of Section 2923.12(A)(2); (4) possessing a defaced firearm in violation of Section 2923.201(A)(2); (5) obstructing official business in violation of Section 2921.31(A); (6) discharging a firearm on or near prohibited premises in violation of Section 2923.162(A)(2); and (7) possessing marijuana in violation of Section 2925.11(A)/(C)(3). The possession-of-marijuana charge was dismissed prior to trial, and the case proceeded to a jury trial on the remaining charges. The jury returned a verdict of guilty on all charges except possessing a defaced firearm, and the trial court sentenced Mr. Miller to a total of three years of incarceration. Mr. Miller now appeals, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

APPELLANT'S CONVICTION FOR FELONIOUS ASSAULT WAS AGAINST
THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6} Despite its caption, Mr. Miller's first assignment of error does not challenge a conviction for felonious assault, presumably because Mr. Miller was neither charged nor convicted of that crime. Instead, Mr. Miller argues that his convictions for having a weapon under a disability, carrying a concealed weapon, tampering with evidence, obstructing official business, and discharging a firearm on or near prohibited premises were against the manifest weight of the evidence.

{¶7} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172 (1st Dist.1983), paragraph three of the syllabus.

{¶8} Mr. Miller's merit brief combines his arguments as they relate to his convictions for having a weapon under a disability and carrying a concealed weapon. For ease of discussion, we will do the same. Mr. Miller argues that these convictions were against the manifest weight of the evidence because the State's witnesses were not credible, and because the jury clearly lost its way by finding him not guilty of possessing a defaced firearm yet guilty of having a weapon under a disability and having a concealed weapon. We disagree.

{¶9} Section 2923.13(A) prohibits a person under a disability from "knowingly acquir[ing], hav[ing], carry[ing], or us[ing] any firearm * * *." At trial, Mr. Miller stipulated that he was under a disability for purposes of this statute and, thus, the only issue was whether he

acquired, had, carried, or used a firearm. Additionally, Section 2923.12(A)(2) prohibits a person from knowingly carrying or having a handgun "concealed on the person's person or concealed ready at hand * * *." This Court has noted that having a handgun under this section means "the defendant either actually or constructively possessed the firearm." *State v. Brooks*, 9th Dist. Summit No. 23236, 2007-Ohio-506, ¶ 23.

{¶10} Regarding whether Mr. Miller "acquire[d], ha[d], carr[ied], or use[d]" a firearm for purposes of Section 2923.13(A), the State presented testimony from several witnesses connecting the gun police recovered to Mr. Miller. More specifically, the State presented evidence from: (1) two witnesses who testified that they saw Mr. Miller firing a gun; (2) a police officer who tracked the footprints in the snow to the location where Mr. Miller was found and to where the gun was located; and (3) a ballistics expert who opined that the shell casings police recovered from the driveway and street were discharged from the gun found near Mr. Miller.

{¶11} With respect to the issue of concealment, Mr. Miller's aunt testified that she did not observe Mr. Miller with a gun prior to when he emerged from the garage holding one. She further testified that she does not store guns in her garage. The State, therefore, argued that Mr. Miller either concealed the gun on his person or in the garage in violation of Section 2923.12(A)(2). Mr. Miller did not present any evidence to refute the State's argument.

{¶12} Turning first to Mr. Miller's argument that the State's witnesses lacked credibility, we note that "[c]redibility determinations are primarily within the province of the trier of fact" who is "free to believe all, part, or none of the testimony of each witness." *State v. Just*, 9th Dist. Wayne No. 12CA0002, 2012-Ohio-4094, ¶ 42; *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35. Although Mr. Miller did not have a gun on him when the police found him in the shed, we cannot say that the jury clearly lost its way in determining

that Mr. Miller had actual or constructive possession of a concealed weapon, which he then used to fire several shots into the air. The mere fact that the jury chose to believe the State's version of the events is not a basis for reversal. *State v. Knicely*, 9th Dist. Wayne No. 10CA0029, 2011-Ohio-4879, ¶ 20. Thus, we reject Mr. Miller's argument to the extent he argues that his convictions for having a weapon under a disability and carrying a concealed weapon were against the manifest weight of the evidence because the State's witnesses were not credible.

{¶13} With respect to the alleged inconsistency between the jury's findings (i.e., the fact that the jury found him not guilty of possessing a defaced firearm yet guilty of having a weapon under a disability and having a concealed weapon) we find his argument unpersuasive. The charge of possessing a defaced firearm requires a defendant to "[p]ossess a firearm knowing or having reasonable cause to believe that the name of the manufacturer, model, manufacturer's serial number, or other mark of identification on the firearm has been changed, altered, removed, or obliterated." R.C. 2923.201(A)(2). Here, the serial number on the gun had been filed down. Aside from testimony indicating that the gun had been altered, the State presented no evidence demonstrating that Mr. Miller knew or had reasonable cause to believe that the serial number had been filed down. We, therefore, find nothing inconsistent with the jury's findings given that one can possess a firearm without necessarily knowing or having reasonable cause to believe that it has been defaced.

{¶14} Next, Mr. Miller argues that his convictions for tampering with evidence and obstructing official business must be reversed because the weight of the evidence did not support the jury's finding that he possessed a gun and, therefore, he could not tamper with or obstruct the police's search of something he did not possess. As previously discussed, however, we cannot

say that the jury clearly lost its way in determining that Mr. Miller possessed a gun in light of the State's evidence. Mr. Miller's argument, therefore, lacks merit.

{¶15} Mr. Miller further argues that if the jury's finding with respect to the obstructing-official-business charge stems from the fact that he left his aunt's home, then the State failed to present any evidence demonstrating that he left her home with the purpose to impede the police's investigation. This argument, however, sounds in sufficiency, not weight. *See State v. Wesemann*, 9th Dist. Summit No. 25908, 2012-Ohio-247, ¶ 9 (analyzing an assignment of error under the sufficiency standard when the crux of the appellant's argument sounded in sufficiency, not weight). Mr. Miller's argument in this regard is three sentences long and contains no citations to the record or any supportive authority. Accordingly, we decline to address it. *See Devaux v. Albrecht Trucking Co.*, 9th Dist. Medina No. 09CA0069-M, 2010-Ohio-1249, ¶ 22 (citing Appellate Rules 16(A)(7) and 12(A)(2) and declining to address the appellant's undeveloped argument).

{¶16} Lastly, Mr. Miller argues that his conviction for discharging a firearm on or near prohibited premises was against the manifest weight of the evidence because the State's witnesses were not credible. Again, Mr. Miller provides no citations to the record and – aside from a perfunctory recitation of the statute – provides no authority in support of his position. We, therefore, decline to address his undeveloped argument. *Id.*

{¶17} In light of the foregoing, Mr. Miller's assignment of error is overruled.

III.

{¶18} Mr. Miller's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and TABITHA STEARNS, Assistant Prosecuting Attorney, for Appellee.