JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Martin Berardi appeals from his convictions for kidnapping, felonious assault, rape and gross sexual imposition. For the reasons set forth below, we affirm.
 {¶ 2} On December 2, 2004, defendant was indicted pursuant to a four-count indictment in connection with an attack upon his former girlfriend. Count One charged him with kidnapping with a sexual motivation specification. Count Two charged defendant with felonious assault with a sexual motivation specification. Count Three charged him with rape and Count Four charged him with gross sexual imposition.
 {¶ 3} Defendant pled not guilty to the charges and was referred to the court's psychiatric clinic. The state and defense counsel later stipulated to the findings and recommendations set forth in the competency and sanity reports which indicated that defendant was both competent to stand trial and sane at the time of the alleged crimes. Thereafter, on March 9, 2005, defendant entered no contest pleas to the charges and was found guilty of all charges. Defendant additionally stipulated that he is a sexual predator. The trial court then sentenced defendant to a ten-year term of imprisonment for Count One, eight years for Count Two, and ten years for Count Three, and ordered these terms to be served consecutively. The court also sentenced defendant to a concurrent term of eighteen months for Count Four. Defendant now appeals and assigns three errors for our review.
 {¶ 4} Defendant's first assignment of error states:
 {¶ 5} "Martin Berardi has been deprived of his liberty without due process of law by the maximum consecutive sentences imposed on him as said sentences do not comport with Ohio's new sentencing structure."
 {¶ 6} Within this assignment of error defendant complains that the trial court did not make the requisite findings before it imposed the maximum sentence for each offense. He also complains that the trial court improperly imposed consecutive sentences as to three of the offenses.
A. Maximum Sentences
 {¶ 7} Pursuant to R.C. 2929.14(C), "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." R.C. 2929.19(B)(2)(d) further requires that the trial court "make a finding that gives its reasons for selecting the sentence imposed[.]" State v.Edmonson, 86 Ohio St.3d 324, 328, 1999-Ohio-110, 715 N.E.2d 131. In State v. Edmonson, the Ohio Supreme Court determined that in order to lawfully impose the maximum term, the record must reflect that the trial court first found that the offender met one of the criteria set forth in R.C. 2929.14(C).
 {¶ 8} R.C. 2929.19(B)(2)(d) further requires that the trial court "make a finding that gives its reasons for selecting the sentence imposed[.]" Edmonson, supra, at 328. Although the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. State v. Hollander (2001), 144 Ohio App.3d 565, 569,760 N.E.2d 929. Moreover, the trial court must make oral findings on the record at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, 469, 2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 9} In imposing the maximum sentence in this matter, the trial court stated:
 {¶ 10} "These facts are the worst form of the offense that I have ever seen. * * * I mean, this woman felt you were going to kill her. You accomplished what you wanted, in the most gruesome and traumatic way, in terms of causing her, for the rest of her life, pain, humiliation, hurt, all from a person whom she at one time loved and lived in a loving relationship with. [The facts as outlined in the plea are] certainly the worst form of the offenses which you are being convicted of.
 {¶ 11} "I can't think of anything that I have heard in any of the other cases that was worse. * * * [The victim] really felt you were going to kill her, after you did all these torturous things against her.
 {¶ 12} "This is again, incorporating all these reports and the facts within it is certainly the worst form of the offense for a kidnapping with a sexual motivation, with felonious assault with a sexual motivation, with a rape with a sexual imposition.
 {¶ 13} "* * * You caused serious physical, emotional and mental harm to her. * * * *"
 {¶ 14} In accordance with the foregoing, we conclude that the trial court did not err in imposing maximum sentences in this matter as the record clearly discloses that the trial court determined on the record at the sentencing hearing that defendant committed the worst form of the offenses that the judge had seen during her time on the bench. The trial court therefore did not err insofar as it imposed maximum sentences in this matter. This aspect of the assigned error is without merit.
B. Consecutive Sentences
 {¶ 15} Pursuant to R.C. 2929.14(E)(4), the court may impose consecutive sentences for convictions of multiple offenses only after it makes three determinations: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) if the court also finds any of the following:
 {¶ 16} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 17} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 18} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C.2929.14(E)(4). See, also, State v. Comer, supra.
 {¶ 19} When a trial court imposes consecutive sentences under R.C. 2929.14, it must also comply with R.C. 2929.19(B)(2)(c), which requires that the court "make a finding that gives its reasons for selecting the sentences imposed." The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). Comer, supra. Moreover, "a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Id. These findings and reasons need not "directly correlate each finding to each reason or state a separate reason for each finding" but must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision. Comer, supra, citing, Griffin Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.Res.L.Rev. 1, 12. State v.Cottrell, Cuyahoga App. No. 81356, 2003-Ohio-5806.
 {¶ 20} In the instant case, the trial court reviewed defendant's past record and stated as follows:
 {¶ 21} "[Y]our prior convictions show a pattern of abuse with regard to women * * * You haven't responded favorably in the past to criminal sanctions. * * * But in order for this Court to punish you, the offender, protect the public from you and others like you, just keep you out of society, I believe, for as long as we can. * * * [Y]our past shows that you are highly likely to commit similar and like offenses against women."
 {¶ 22} The court also determined that it "would certainly demean the seriousness of the offenses that you committed to grant you minimum time, let alone a short period of time." The court stated:
 {¶ 23} "I believe, under the facts and circumstances that I have outlined, that the longest sentences are appropriate here. One term would not adequately punish you, and the crimes that you committed here are so unusual and the harm that you caused * * * so great, that the maximum and consecutive sentences are appropriate."
 {¶ 24} From the foregoing, we conclude that the trial court made the requisite findings. The court concluded that the sentence was necessary to protect the public and punish the offender, was not disproportionate to the seriousness of the conduct and to the danger posed to the public, and the harm caused by the multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of the conduct.
 {¶ 25} This assignment of error is without merit.
 {¶ 26} Defendant's second assignment of error states:
 {¶ 27} "Martin Berardi has been deprived of his liberty without due process of law and of his constitutional right to a trial by jury by the maximum and consecutive sentences imposed on him for the reason that a jury did not find the facts which supported the imposition of either a maximum or consecutive sentences."
 {¶ 28} Defendant next asserts that the trial court violated his right to trial by jury when it made findings in support of a non-minimum sentence, findings in support of maximum sentences, and findings in support of the consecutive sentences.
 {¶ 29} In Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403 the United States Supreme Court reversed the trial court's imposition of sentence above the standard statutory range, holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely v.Washington, supra at 2536, quoting Apprendi v. New Jersey
(2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. The Court further held that the "statutory maximum" is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant and without any additional findings. Id. at 2537.
 {¶ 30} In our recent en banc decision in State v.Atkins-Boozer, Cuyahoga App. No. 81541, 2005-Ohio-2666, P. 30, we held that the Sixth Amendment right to a jury trial as construed by Blakely, was not implicated where the court made findings in support of a sentence in excess of the statutory minimum sentence.
 {¶ 31} Similarly, in our en banc decision in State v. Lett,
Cuyahoga App. Nos. 84707 and 84729, 161 Ohio App.3d 274,2005-Ohio-2665, 829 N.E.2d 1281, we held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed inBlakely. In Lett, we determined that "the findings are permissible because they do not increase a sentence beyond the maximum available to the offender. They simply aggregate individual sentences." Id.
 {¶ 32} Defendant urges us to reconsider our decisions inState v. Atkins-Boozer and State v. Lett. We decline to do so, however.
 {¶ 33} The second assignment of error is overruled.
 {¶ 34} Defendant's third assignment of error states:
 {¶ 35} "Trial counsel's failure to represent Martin Berardi zealously deprived Mr. Berardi of his constitutional right to effective assistance of counsel."
 {¶ 36} In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052. To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." State v. Madrigal, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, citing Strickland v. Washington,
supra at 687-688.
 {¶ 37} As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus; Stricklandv. Washington, supra, at 686. The failure to prove any one prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong. State v. Madrigal, supra, at 389, citing Strickland v. Washington, supra, at 697.
 {¶ 38} A debatable decision involving trial tactics generally does not constitute a deprivation of effective counsel. State v.Phillips, 74 Ohio St.3d 72, 656 N.E.2d 643, 1995-Ohio-171. InState v. Clayton (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189, the Ohio Supreme Court discussed an attorney's choice of trial strategy and stated the following:
 {¶ 39} "* * * the fact that there was another and better strategy available does not amount to a breach of an essential duty to his client."
 {¶ 40} In this matter, the record indicates that the police recovered extensive evidence to corroborate the victim's report that defendant had lured her to his house, held a knife to her throat then bound, raped and tortured her over an extended period. The record further demonstrates that the matter was referred to the court's psychiatric clinic but defendant was later determined to be competent to stand trial and sane at the time of the act. The record further reveals that defendant had a prior conviction for inflicting corporal injury on his former wife, and was also charged with domestic violence. From the foregoing, we believe that defendant's trial counsel employed a reasonable trial strategy in connection with the no contest pleas and sexual predator stipulation. Counsel's performance did not fall below an objective standard of reasonableness in this matter. Accordingly, the claim of ineffective assistance is without merit.
 {¶ 41} The third assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., concurs.
 Cooney, J., Concurs in part and Dissents in part (see attachedConcurring Dissenting Opinion.
 CONCURRING AND DISSENTING OPINION