JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Franklyn Williams ("Williams"), appeals his convictions and sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, Williams was charged with grand theft of a motor vehicle, theft, and receiving stolen property. The matter proceeded before a jury, where the following evidence was presented.
 {¶ 3} In 2005, Williams and his girlfriend arrived at Cuyahoga Community College's Eastern Campus ("Tri-C") to take the GED exam. Although they were late for the exam, Gloria Mobley ("Mobley"), Tri-C's chief examiner, permitted them to sit for the exam.
 {¶ 4} Latricia Dames ("Dames"), the exam proctor, testified that after time had expired for the first part of the exam, Williams refused to turn in his paper and argued that he was not finished. When he continued to argue with her, Dames directed him to see Mobley.
 {¶ 5} According to Mobley, she saw Williams enter her office and gestured to him to wait for her because she was speaking with visitors in an adjacent classroom. Dames testified that she explained the situation to Mobley and then left to continue administering the exam. Mobley testified that when she went back into her office to meet with Williams, he was not there. He had returned to the testing area to take the next section of the test. Dames observed Williams talking with his girlfriend, and Dames warned them not to talk and left the room again. When she returned, they told her that they had to leave. The couple left in a hurry, without completing the exam.
 {¶ 6} After Williams left, Mobley discovered her purse was missing from her office, and her car had been stolen from the parking lot. Three weeks later, Mobley's husband spotted the stolen car. He called the police and, when the police stopped the vehicle, Williams was driving.
 {¶ 7} Williams testified that his aunt called his girlfriend's cell phone during the test and said they needed to pick up their son. He claimed that before they left Tri-C, they received instructions to return to finish the test. However, he stated that they never returned to finish the exam. He denied being inside Mobley's office, taking her purse, and stealing her car. Williams admitted he was in Mobley's car when he was arrested, but claimed that he obtained the car from a friend and he had no idea it was stolen. Williams testified that, because they were in a hurry to leave Tri-C, they left without their identification but later contacted Mobley to retrieve it.
 {¶ 8} The jury found Williams guilty as charged, and the court sentenced him to serve one year in prison for grand theft of a motor vehicle and for receiving stolen property, and a concurrent term of six months for the theft conviction.
 {¶ 9} Williams appeals, raising two assignments of error.
 Prosecutorial Misconduct {¶ 10} In his first assignment of error, Williams argues that the prosecution "unjustly prejudiced" his case by conducting improper closing argument.
 {¶ 11} The test for prosecutorial misconduct in closing argument is "`whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant.'" State v. Hessler, 90 Ohio St.3d 108, 125, 2000-Ohio-30, 734 N.E.2d 1237, quoting State v. Smith (1984),14 Ohio St.3d 13, 14, 470 N.E.2d 883. A new trial will be ordered where the outcome of the trial would clearly have been different but for the alleged misconduct. State v. Brewer (June 22, 1995), Cuyahoga App. No. 67782. When applying this test, we consider "the effect the misconduct had on the jury in the context of the entire trial." State v. Keenan (1993),66 Ohio St.3d 402, 410, 613 N.E.2d 203.
 {¶ 12} Generally, the prosecution is given a great deal of latitude during closing argument. See State v. Bies,74 Ohio St.3d 320, 326, 1996-Ohio-276, 658 N.E.2d 754. In State v.Smith, 80 Ohio St.3d 89, 111, 1997-Ohio-355, 684 N.E.2d 668, the Supreme Court stated, "prosecutors are entitled to latitude as to what the evidence has shown and what inferences can reasonably be drawn from the evidence." (Citations omitted).
 {¶ 13} Williams argues that the prosecutor's repeated use of the phrases "I know" and "we know" in his closing argument averred to the prosecutor's and the jury's personal knowledge. He also argues that the statement, "I suggest to you just about everything that came out of this guy's mouth was a lie. I think you'll find the same," unfairly prejudiced Williams because the prosecutor was "vouching personal knowledge of an issue in the case."
 {¶ 14} First, Williams' failure to object to these comments waived all but plain error. State v. Tenace,109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, citing State v. Clemons,82 Ohio St.3d 438, 451, 1998-Ohio-406, 696 N.E.2d 1009. Plain error consists of an obvious error or defect in the trial proceeding that affects a substantial right. Crim.R. 52(B). Under this standard, reversal is warranted only when the outcome of the proceedings below would have been different absent the error.State v. Lindsey, 87 Ohio St.3d 479, 482, 2000-Ohio-465,721 N.E.2d 995. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804.
 {¶ 15} We cannot say that the comments made by the prosecutor during closing argument amounted to plain error. The State is permitted to comment on the testimony of witnesses and the evidence, and may suggest a logical conclusion that can be drawn therefrom. State v. Thompson (1993), 87 Ohio App.3d 570, 582,622 N.E.2d 735. The prosecutor repeatedly used the phrases "I know" and "we know" in his closing argument; however, he was commenting on what the circumstantial and direct evidence showed. The prosecutor was not averring to his and the jury's personal knowledge, but he was using the statements to enforce what the evidence and testimony revealed.
 {¶ 16} The prosecutor may comment on the testimony of the defendant, and suggest the conclusions to be drawn therefrom.State v. Draughn (1992), 76 Ohio App.3d 664, 670,602 N.E.2d 790. The prosecutor may say, "the evidence supports the conclusion that the defendant is lying, is not telling the truth, is scheming, has ulterior motives, including his own hide, for not telling the truth." Id. However, he may not say, "I believe the defendant is lying." Id.
 {¶ 17} In the instant case, the prosecutor stated that, "I suggest to you just about everything that came out of this guy's mouth was a lie. I think you'll find the same." Although the prosecutor's statement regarding the veracity of Williams' testimony was improper, we find this single remark does not rise to the level of plain error requiring reversal. Moreover, the overwhelming evidence of guilt renders this error harmless.
 {¶ 18} Williams cites Draughn, supra, for the proposition that the harmless error analysis should not be considered. InDraughn, the prosecutor urged the jury to convict appellant to aid in the war on drugs in the community. The comments by the prosecutor were pervasive throughout his entire rebuttal argument, and the prosecutor persisted in making such argument even after the court repeatedly sustained Draughn's objections. Id. at 674. Because of the improper tenor of the entire rebuttal argument, the appellate court found that the trial court abused its discretion in failing to grant a motion for mistrial. Id.
 {¶ 19} The instant case is hardly comparable to Draughn.
Moreover, the Ohio Supreme Court recently overruled a prosecutorial misconduct argument based on the fact that the evidence of guilt was overwhelming, thus not following the holding in Draughn. See State v. Hand, 107 Ohio St.3d 378,398, 2006-Ohio-18, 840 N.E.2d 151, citing State v. Rahman
(1986), 23 Ohio St.3d 146, 154-155, 492 N.E.2d 401.
 {¶ 20} Finally, the trial court instructed the jury that it must decide the case on the evidence and that opening statements and closing arguments are not evidence. We presume that the jury followed the court's instructions. State v. Loza,71 Ohio St.3d 61, 79, 1994-Ohio-409, 641 N.E.2d 1082.
 {¶ 21} Therefore, we find that the prosecutor's statements during closing argument did not prejudice Williams and deny him a fair trial. We cannot say, and Williams has not demonstrated, that absent the prosecutor's statements, the outcome of the trial would have been different.
 {¶ 22} Accordingly, his first assignment of error is overruled.
 Sentence {¶ 23} In his second assignment of error, Williams argues that R.C. 2929.14(A) and 2947.051 are unconstitutional and, thus, the court erred in relying on victim impact statements at sentencing.
 {¶ 24} In support of his argument that it is unconstitutional to use victim impact statements in imposing a sentence, Williams cites Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. However, the Ohio Supreme Court recently addressed Blakely and the effect it has on Ohio's sentencing scheme in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. Although Foster held various sentencing sections of the Revised Code unconstitutional, R.C. 2929.14(A) and 2947.051
were not among those considered by the Court.
 {¶ 25} "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." State ex rel. Dickman v. Defenbacher (1955),164 Ohio St. 142, 128 N.E.2d 59, paragraph one of the syllabus.
 {¶ 26} R.C. 2929.14(A) governs the minimum and maximum time to which a defendant can be sentenced under Ohio law. R.C.2947.051 governs victim impact statements and does not allow the trial judge to sentence a defendant beyond the period allowed under R.C. 2929.14(A), but simply assists the sentencing judge in rendering an appropriate sentence for a defendant.
 {¶ 27} Furthermore, R.C. 2947.051 falls under the discretionary authority of the trial judge in sentencing defendants. "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra at paragraph seven of the syllabus; State v. Mathis,109 Ohio St.3d 54, 62, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.
 {¶ 28} R.C. 2929.19(B)(1) provides that the court, in sentencing a defendant, "shall consider the record," any information presented at the hearing, any presentence investigation report, and any victim impact statement. See,Mathis, supra at 37.
 {¶ 29} Therefore, and contrary to Williams' argument, the trial court did not use the victim impact statement as a means of deciding that he committed "the worst form of the offense." The statement was used by the trial court to help determine the appropriate sentence for Williams. The court's consideration of the statement is not an abuse of discretion, is expressly allowed under Foster and Mathis, and is not contrary to law.
 {¶ 30} Therefore, Williams' final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., and Christine T. McMonagle, J., concur.