{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant Alvin Bridges (appellant) appeals the court's denial of his pre-sentence motion to withdraw his guilty plea. Appellant also appeals his prison sentence as being unconstitutional. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 3} On June 10, 2005, appellant was indicted for five counts of drug related offenses. On November 28, 2005, appellant pled guilty to one count of drug possession in violation of R.C. 2925.11, a first-degree felony. On January 9, 2006, appellant filed a presentence motion to withdraw his guilty plea, pursuant to Crim.R. 32.1, claiming that when he entered the plea, he was under the mistaken belief that he was eligible for drug treatment or counseling in lieu of part or all of his prison time. The court held a hearing on appellant's motion on January 11, 2006. On the same day, the court denied appellant's motion and proceeded to sentence him to three years in prison.
 II. {¶ 4} In his first assignment of error, appellant argues that "the trial court erred and abused its discretion in denying the appellant's motion to vacate plea, pursuant to Criminal Rule 32.1, prior to sentencing." Specifically, appellant argues that at the time he entered the guilty plea, he believed that, as a first-time offender, he could participate in drug counseling in exchange for a reduced prison sentence.
 {¶ 5} Crim.R. 32.1 governs withdrawals of guilty pleas, and it reads, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In State v. Peterseim (1979),68 Ohio App.2d 211, 213, we held that "despite the more lenient standard applicable to pre-sentence motions, an appellate court will reverse a denial of leave to withdraw when the trial court has abused its discretion." It is not an abuse of discretion to deny a presentence motion to withdraw a guilty plea when a defendant: 1) is represented by competent counsel; 2) is given a full Crim.R. 11 hearing before entering a plea; and 3) is given a hearing on the motion to withdraw that plea during which the court considers the defendant's arguments in support of the motion. State v. Palmer, Medina App. No. 04CA0027-M, 2004-Ohio-7190;State v. Sabatino (1995), 102 Ohio App.3d 483. In summary, a sufficient reason for the withdrawal must appear on the record and a "mere change of heart" is not reason enough. See State v. Lambros (1988),44 Ohio App.3d 102, 103.
 {¶ 6} In the instant case, the record reflects that at the November 28, 2005 hearing when appellant entered his original guilty plea, the prosecutor stated "there is a mandatory jail sentence with crack cocaine of this weight." Furthermore, the court stated to appellant, "this is a mandatory prison term, which means that by entering into this plea, you would be subjecting yourself to a minimum of three years in prison. Do you understand that?" Appellant replied, "Yes." The court went on to state the following: "With that understanding and those potential penalties in this case including the mandatory prison term of a minimum of three years, how do you plead to that charge in count one of the indictment, a charge of drug possession, felony of the first degree?" Appellant replied, "Guilty."
 {¶ 7} We have held that "a defendant's mistaken belief or impression regarding the consequences of his plea is not sufficient to establish that such plea was not knowingly and voluntarily made."Sabatino, supra, at 486. Although defense counsel admits that he told appellant he may be eligible for a reduced sentence, this does not change the fact that appellant was told in open court at least three times that he was facing a mandatory minimum of three years in prison. The instant case falls squarely within the rule carved out bySabatino. Accordingly, we find that the court did not abuse its discretion in denying the motion to withdraw guilty plea, and appellant's first assignment of error is overruled.
 III. {¶ 8} In his second and final assignment of error, appellant argues that "Mr. Bridges' sentence was handed-down in contravention of his Sixth Amendment right to trial by jury; as such, Mr. Bridges is entitled to a new [sentencing] hearing according to State v. Foster."
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found that several provisions of S.B. 2 violateBlakely v. Washington (2004), 542 U.S. 269. Specifically, the court held:
 "Ohio's sentencing statutes offend the constitutional principles announced in Blakely in four areas. As was reaffirmed by the Supreme Court in Booker, 'Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'"
Foster, supra, at ¶ 82 (citing United States v. Booker (2005),543 U.S. 220, 224).
 {¶ 10} The Foster court severed R.C. 2929.14(B), 2929.19(B)(2) and2929.14(E)(4), which govern more than the minimum and consecutive sentences, and rendered them unconstitutional. As a result, the trial court is no longer obligated to follow these mandatory guidelines when sentencing a felony offender. "Where sentencing is left to the unguided discretion of the judge, there is no judicial impingement upon the traditional role of the jury." Foster, supra, at ¶ 90.
 {¶ 11} In the instant case, the court sentenced appellant to three years in prison for violating R.C. 2925.11(C)(4)(e), which makes possession of 25 to 99 grams of crack cocaine a first-degree felony. When an offender is sentenced for violating R.C. 2925.11(C)(4)(e), the court is required to impose a mandatory prison term. State v.Thomas, Allen App. No. 1-04-88, 2005-Ohio-4616. Pursuant to R.C.2929.14(A)(1), the prison term for a first-degree felony runs from three to ten years. Here, the court imposed a three-year prison sentence, making a finding that the minimum sentence is appropriate in this case. The court made no findings on the record that were used to increase appellant's sentence beyond the sentence he exposed himself to just by a guilty plea or jury verdict. Although appellant argues that he "was sentenced to a term of incarceration that is greater than the minimum and is not concurrent," he is mistaken. Foster applies to more than the minimum and/or consecutive sentences — appellant's sentence is neither. Given this, appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27
of the Rules of Appellate Procedure.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27
of the Rules of Appellate Procedure.