JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Rodney Curlee appeals from his conviction for tampering with evidence and the total sentence imposed after the trial court found him guilty of that charge along with a charge of possession of crack cocaine.
 {¶ 2} In his four assignments of error, appellant claims that his conviction for tampering with evidence is unsupported by sufficient evidence and the manifest weight of the evidence, that his trial counsel provided ineffective assistance by failing to file a motion to suppress evidence, and that the trial court relied upon improper information in imposing sentence.
 {¶ 3} This court cannot agree with any of appellant's claims following a review of the record; therefore, his conviction and the total sentence imposed are affirmed.
 {¶ 4} Appellant's convictions result from an incident that occurred at approximately 2:00 a.m. on April 2, 2005. Two Cleveland police officers, Herbert Ross and Michael Schrodder, responded to a radio call directing them to a bar located at 7019 Superior Avenue in regard to a reported assault. According to their testimony, it was "sleeting" heavily that night.
 {¶ 5} Upon their arrival at the scene, they observed a large Ford Excursion truck "parked in the right lane of traffic, not at the curb," with music "blaring" from it. While Ross went to the truck's passenger side, Schrodder approached the truck's lone occupant, later identified as appellant, who sat in the driver's seat. *Page 4 
 {¶ 6} Both officers noticed appellant seemed unconscious, since his head was down and he remained unresponsive when they knocked on the windows. Nevertheless, they could see that the truck's gear shift was placed in the "drive" position. Schrodder continued in his attempt to rouse appellant while Ross went to speak with the person who reported the assault.
 {¶ 7} Another pair of police officers, along with their supervisor, soon arrived; it required all four to rock the truck in order to rouse appellant. Appellant eventually complied with their requests to stop the truck, but not before he took his foot off the brake and it moved forward a short distance. When appellant opened the driver's door, Schrodder smelled the strong odor of marijuana emanating from inside.
 {¶ 8} Schrodder asked appellant to step out and patted him down. Discovering in appellant's pocket a plastic bag of what appeared to be marijuana, Schrodder placed appellant under arrest for possession of the substance, handcuffed him, and placed him in the rear of the zone car.
 {¶ 9} By this time, Ross completed his investigation of the reported assault. As he returned to the zone car, he observed appellant moving around in the rear seat. This behavior caused Ross to be concerned that appellant might have a weapon. Ross removed appellant from the car to pat him down again, and then noticed appellant's right hand was clenched into a fist.
 {¶ 10} Ross made three requests of appellant to open his hand, and was met *Page 5 
with a refusal each time. Finally, Ross attempted to pry open appellant's fist. After a short struggle, Ross was successful, but as appellant's fingers unrolled, what was contained within them fell out. Ross caught one item; it proved to be a small rock of crack cocaine. Although he retrieved another from the ground, he saw several others fall, but they were lost in the slush that covered the road.
 {¶ 11} Appellant subsequently was indicted on three counts. He was charged with tampering with evidence, possession of less than a gram of crack cocaine, and with assault. The state dismissed the third count prior to trial.
 {¶ 12} Appellant signed a jury waiver and had his case tried to the bench. After hearing the officers' testimony, the trial court denied appellant's motion for acquittal. Appellant testified in his own behalf. Ultimately, the trial court found him guilty on both counts. He received a sentence that totaled a year of incarceration.
 {¶ 13} Appellant presents the following assignments of error:
 {¶ 14} "I. The court's decision finding the defendant guilty of tampering with evidence was not supported by sufficient evidence when he did not destroy or remove any evidence.
 {¶ 15} "II. The court's decision finding the defendant guilty of tampering with evidence was against the manifest weight of the evidence.
 {¶ 16} "III. The trial court erred and abused its discretion when it based appellant's sentence on uncharged conduct contradicted by the evidence at trial, *Page 6 
thereby violating appellant's right to due process of law and a fair sentencing hearing under the Fifth, Sixth, and Fourteenth Amendments.
 {¶ 17} "IV. The defendant was denied his right to effective assistance of counsel when defense counsel failed to protect his rights before and during trial."
 {¶ 18} Appellant argues in his first and second assignments of error that his conviction for tampering with evidence is unsupported by either sufficient evidence or the weight of the evidence. In making these arguments, appellant contends that since the officers forced his hand open, he could not have acted with the requisite purpose pursuant to R.C. 2921.12(A)(1). This court disagrees.
 {¶ 19} In considering a claim of insufficient evidence, this court is required to view the evidence adduced at trial, both direct and circumstantial, in a light most favorable to the prosecution to determine if a rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. State v.Dennis, 79 Ohio St.3d 421, 1997-Ohio-372; State v. Jenks (1991),61 Ohio St.3d 259.
 {¶ 20} With regard to an appellate court's function in reviewing the weight of the evidence, this court is required to consider the entire record and determine whether in resolving any conflicts in the evidence, the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. *Page 7 
 {¶ 21} The record in this case leads to the conclusion that appellant's conviction is supported by both sufficient evidence and the weight of the evidence. From Ross' testimony, a rational factfinder could infer that appellant was hiding something in his fist, thus trying to conceal the items. State v. Brooks, Summit App. No. 23226,2007-Ohio-506, ¶ 26. Appellant's refusal to open his hand demonstrated his purpose to keep it concealed. State v. Washington, Cuyahoga App. No. 87688, 2006-Ohio-6027, ¶ 34.
 {¶ 22} The fact that Ross had to pry appellant's fingers led to the loss of some of the evidence, thereby supporting a conclusion that appellant's purpose was to "impair its * * * availability," as required by R.C. 2921.12. Id. at ¶ 35.
 {¶ 23} Moreover, the officers' testimony was corroborated in essential respects by appellant's, especially by his admission that he "wouldn't open up [his] hand." State v. Brooks, supra at ¶ 33-34. Indeed, the court specifically stated at the conclusion of trial that appellant's "own testimony actually bolstered the credibility of both * * * police officers * * *."
 {¶ 24} Based upon the record, therefore, appellant's conviction is supported by both sufficient evidence and the manifest weight of the evidence. Appellant's first and second assignments of error, accordingly, are overruled.
 {¶ 25} In his third assignment of error, appellant argues that his sentence is improper. He bases his argument upon certain misstatements of fact made by the *Page 8 
trial court at the sentencing hearing, and cites Blakely v.Washington (2004), 542 U.S. 296 as authority for his position. Based upon the record, however, appellant's argument remains unpersuasive.
 {¶ 26} The record reflects appellant failed to appear for his sentencing at the scheduled date, thereby forcing the trial court to issue an arrest warrant for him. Appellant remained at large for over four months.
 {¶ 27} Thus, by the time appellant was apprehended and appeared for his sentencing hearing, the court retained less than a fresh recollection of the evidence presented at trial. The court stated it possessed the presentence report, and appellant admitted he was a probation violator in another case.
 {¶ 28} As to the case at hand, the court remembered that appellant had been sitting in the driver's seat of a truck that was ready to be driven, and that one of the officers smelled marijuana when appellant roused himself enough to open the door. The court mistakenly believed that appellant attempted to drive the truck away, forcing the police to "jump out of the way" or be "seriously injured."
 {¶ 29} Nevertheless, the trial court accurately stated that appellant twice had been convicted for driving while intoxicated, had no driver's license at the time of the incident, and thus "shouldn't have been behind the wheel." Moreover, appellant had not "responded favorably in the past to criminal sanctions." The court determined that based upon both his criminal record and his failure to accept responsibility for *Page 9 
the incident by avoiding the original sentencing, he deserved "the minimum amount of time" for a third-degree felony.
 {¶ 30} This court cannot find the trial court committed error in imposing this sentence. As recently explained in State v. Williams, Cuyahoga App. No. 87320, 2006-Ohio-4768, pursuant to the interpretation of Blakely set forth in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, R.C. 2929.14(A) remains constitutional.
 {¶ 31} Pursuant to R.C. 2929.14(A), the minimum term for a third degree felony such as tampering with evidence is one year. A minimum term does not implicate Blakely. State v. Bridges, Cuyahoga App. No. 87633, 2006-Ohio-6280, ¶ 11. This is precisely the term imposed upon appellant.
 {¶ 32} Foster rendered "full discretion" to trial courts "to impose a prison sentence within the statutory range." State v. Williams, supra at ¶ 27. The court must consider the record and the presentence report in sentencing. The court in this case made misstatements of fact when referring to appellant's trial, but made no "findings on the record" in order "to increase appellant's sentence beyond the sentence he exposed himself to just by a * * * verdict." State v. Bridges, supra. Therefore, the trial court committed no error.
 {¶ 33} Accordingly, appellant's third assignment of error also is overruled.
 {¶ 34} In his fourth assignment of error, appellant claims his trial counsel rendered ineffective assistance by failing to file a motion to suppress evidence. The *Page 10 
record does not support his claim.
 {¶ 35} In Ohio, a properly licensed attorney is presumed competent.State v. Smith (1985), 17 Ohio St.3d 98. One claiming ineffective assistance of counsel bears the burden of demonstrating the following:viz., (1) there has been a substantial violation of an essential duty owed to him by counsel, and (2) he has been thereby prejudiced.State v. Bradley (1989), 42 Ohio St.3d 136, citing Strickland v.Washington (1984), 466 U.S. 668; see, also, State v. Smith, supra. This court will not second-guess what could be considered a matter of trial strategy. Id.
 {¶ 36} Moreover, the establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result of the trial would have been different." State v.Bradley, supra, paragraph three of the syllabus. The record of this case with regard to trial counsel's actions fails to demonstrate her performance fell below an objective standard of reasonableness.
 {¶ 37} Defense counsel is not required to file a motion to suppress in every case. State v. Flors (1987), 38 Ohio App.3d 133, headnote 2. In view of the circumstances which led to the pat-down searches of appellant, it is clear the filing of a motion to suppress evidence gained as a result of appellant's arrest would have been fruitless.State v. Walck, Pickaway App. No. 02CA22, 2003-Ohio-7340.
 {¶ 38} Appellant not only sat behind the wheel of a truck blocking the flow of *Page 11 
traffic, but he appeared to be insensible. Id. ¶ 24-25. When appellant finally opened the door, Schrodder smelled the strong odor of marijuana from the vehicle. Id. ¶ 27. Under these circumstances, Schrodder could do nothing less than remove appellant from the truck and detain him, if only for appellant's own safety.
 {¶ 39} Schrodder stated that during the first pat-down search, he felt something that he believed to be a plastic bag of marijuana. Once that was discovered, appellant was arrested for drug possession. Thereafter, the second pat-down resulted from appellant's furtive movements in the zone car.
 {¶ 40} Based upon the officers' testimony, a motion to suppress the evidence would have been futile. Counsel cannot be deemed ineffective for failing to file a motion to suppress when there is no justification for one; therefore, appellant cannot sustain his burden to prove counsel violated an essential duty to him on this basis. State v. Flors, supra;State v. Sanders (Dec. 10, 1996), Pickaway App. No. 95CA6; cf.,State v. Garrett (1991), 76 Ohio App.3d 57.
 {¶ 41} Consequently, appellant's fourth assignment of error also is overruled.
 {¶ 42} Appellant's convictions and sentence are affirmed.
It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 12 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J. and COLLEEN CONWAY COONEY, J. CONCUR. *Page 1