JOURNAL ENTRY AND OPINION
{¶ 1} Martin Berardi appeals his sentence imposed in the Cuyahoga County Common Pleas Court. Berardi argues that the trial court erred when it sentenced him to maximum, consecutive prison terms without making the appropriate findings. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On December 2, 2004, a Cuyahoga County Grand Jury returned an indictment charging Berardi with kidnapping with a sexual motivation specification, felonious assault with a sexual motivation specification, rape, and gross sexual imposition. On March 9, 2005, Berardi pleaded no contest, and the trial court found him guilty of all four counts as charged in the indictment. On April 15, 2005, the trial court sentenced Berardi to ten years in prison for kidnapping with a sexual motivation specification, eight years for felonious assault with a sexual motivation specification, ten years for rape, and eighteen months for gross sexual imposition. *Page 2 
The trial court ordered Berardi to serve the prison sentences for kidnapping, felonious assault and rape consecutively, and ordered the sentence for gross sexual imposition to be served concurrently, for a total prison term of twenty-eight years.
 {¶ 3} Berardi appealed his conviction and sentence and this court affirmed. See, State v. Berardi, Cuyahoga App. No. 86422, 2006-Ohio-797. However, on February 27, 2006, the Ohio Supreme Court issued its opinion in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Pursuant toFoster, the Ohio Supreme Court vacated Berardi's sentence and remanded the matter to the trial court for resentencing.
 {¶ 4} On November 21, 2006, the trial court resentenced Berardi to twenty-eight years in prison. Berardi appeals his sentence in the two assignments of error cited below.
 "I. The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(E)(4).
 II. The trial court erred when it sentenced appellant to the maximum sentence without making the appropriate findings."
 {¶ 5} This court reviews a felony sentence de novo. State v.Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836. Even though we apply a de novo standard of review, a sentence will not be disturbed on appeal unless we clearly and convincingly find that the record does not support the sentence or that the sentence *Page 3 
is contrary to law. Id. Because Berardi's two assignments of error involve this same standard of review, we shall address them contemporaneously.
 {¶ 6} In both assignments of error, Berardi argues that the trial court erred when it failed to make the appropriate findings before sentencing him to maximum, consecutive prison terms. However, in 2006, the Ohio Supreme Court eliminated prior sentencing requirements, finding that courts have full discretion to impose any sentence authorized by law that is in accordance with the stated purposes and principles of felony sentencing. Foster, supra. In Foster, the court found unconstitutional many of the judicial findings that were previously required to impose more than the minimum, maximum, or consecutive sentences. Id. Because Foster eliminated the requirement for sentencing courts to make certain findings or state reasons for imposing more than the minimum, maximum, or consecutive sentences, courts now have full discretion to sentence a defendant within the statutory range and without stating any findings. Id. See, also, State v. Tish, supra;State v. Williams, Cuyahoga App. No. 87320, 2006-Ohio-4768.
 {¶ 7} Accordingly, because judicial findings are no longer required before sentencing a criminal defendant to maximum, consecutive terms of prison, we overrule Berardi's first and second assignments of error.
 {¶ 8} Berardi also argues that the application of the Foster remedy to his case violates the ex post facto and due process clauses of the United States and Ohio Constitutions. However, in putting forth this argument, Berardi fails to separately *Page 4 
argue this issue in his brief. Pursuant to App.R. 12(A)(2) and App.R. 16(A), this court disregards this argument. Moreover, this court has rejected the ex post facto argument. See State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715.
 {¶ 9} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR *Page 1