JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Calvin Lester appeals from his convictions after a jury found him guilty of tampering with evidence and resisting arrest.
 {¶ 2} Lester presents four assignments of error in which he argues his two convictions are based upon insufficient evidence and are against the manifest weight of the evidence.
 {¶ 3} Following a review of the record, however, this court finds his arguments unpersuasive. Consequently, his assignments of error are overruled, and his convictions are affirmed. *Page 2 
 {¶ 4} Lester's convictions result from a traffic stop that occurred on the evening of March 30, 2007. The evidence presented at trial indicates the incident occurred in the following manner. Two Cleveland police officers, Goebel and Weaver, were in their zone car on patrol when they noticed a "90's Pontiac Bonneville eastbound on Lenagrave"[1] Avenue make a turn onto East 127th Street without signaling.
 {¶ 5} Goebel, who was driving, initiated a traffic stop of the Pontiac. Goebel approached the driver of the car and requested to see his license and registration, while Weaver went to the passenger side. Besides the driver, the Pontiac contained two others; a young man in the front passenger side, and an older man, later identified as Lester, seated in the rear passenger seat.
 {¶ 6} The driver cooperated with Goebel, but, as he stood next to the car, Goebel smelled a distinctive odor that he associated with the drug known as "PCP." Goebel asked the driver to wait a moment while he checked the license. He and Weaver then returned to their zone car, where each indicated he had noticed the odor.
 {¶ 7} Upon reapproaching the car, the officers switched sides in order to gain a better idea of the area from which the odor emanated. Goebel observed Lester moving around in the rear seat as if he were nervous. Weaver at that time asked the *Page 3 
driver to step outside the car. Lester protested this development, questioning its necessity when the driver had provided his license and the registration.
 {¶ 8} The driver, however, complied. Weaver mentioned the smell, and asked if he could conduct a search of the vehicle. The driver assented. Weaver thereupon escorted him to the zone car to wait.
 {¶ 9} Goebel, in the meantime, secured the removal of the youth from the front passenger seat. Weaver rejoined Goebel just as Goebel had turned his attention to Lester, requesting him to pull his hands from his pockets. Although Lester did so, he also removed a few items from his pockets at the same time.
 {¶ 10} One of the items was a cigarette. Since the cigarette appeared to be "wet" at its tip, Goeble immediately believed it was the source of the smell. Goebel instructed Lester to place the items on the floor of the car before he stepped out.
 {¶ 11} Lester complied. Then, however, as he obeyed Goebel's request to turn to face the car, he suddenly "lunged" back inside the vehicle, grabbing the cigarette with his left hand. Goebel reacted by informing Lester he was under arrest, and managed to place a handcuff on Lester's right hand. At the same time, Lester curled his other hand toward his chest and "tightened his body." In spite of the officers' efforts to contain his movements, Lester then maneuvered his left hand toward his mouth, shoving the cigarette inside. *Page 4 
 {¶ 12} Although Goebel ordered Lester to stop, Lester fought them, chewing "[q]uickly and furiously" as he did so. By the time the officers had wrestled him to the ground and subdued him, he had swallowed. Weaver asked, "Is it all gone?" Lester replied affirmatively.
 {¶ 13} Nevertheless, also by that time, Det. Michael Shay had arrived as "back-up." Simply upon approaching the scene, Shay ascertained the distinctive smell of PCP lingered around Lester. The officers transported him to the hospital for treatment before taking him to jail.
 {¶ 14} Lester subsequently was indicted on one count of tampering with evidence and one count of resisting arrest. After listening to the testimony of the three police officers, the jury found him guilty of both counts. Lester ultimately was sentenced to concurrent terms of a year on count one and six months on count two.[2]
 {¶ 15} Lester presents the following four assignments of error for review:
 {¶ 16} "I. The defendant-appellant was denied Due Process of Law whenhe was convicted of tampering with evidence with insufficientevidence.
 {¶ 17} "II. The defendant-appellant was denied Due Process of Law andhis right to a fair trial when he was convicted of tampering withevidence against the manifest weight of the evidence. *Page 5 
 {¶ 18} "III. The defendant-appellant was denied Due Process of Lawwhen he was convicted of resisting arrest with insufficientevidence.
 {¶ 19} "IV. The defendant-appellant was denied Due Process of Law andhis right to a fair trial when he was convicted of resisting arrest withevidence against the manifest weight of the evidence."
 {¶ 20} Lester argues in his assignments of error that neither of his convictions is supported by sufficient evidence or the manifest weight of the evidence. He contends that since the state failed to establish the actual presence of drugs on the cigarette, an essential element of the offense of tampering with evidence was missing, and, thus, the arrest was not "lawful." Lester's argument is rejected.
 {¶ 21} In considering a claim of insufficient evidence, this court is required to view the evidence adduced at trial, both direct and circumstantial, in a light most favorable to the prosecution to determine if a rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. State v.Dennis, 79 Ohio St.3d 421, 1997-Ohio-372; State v. Jenks (1991),61 Ohio St.3d 259.
 {¶ 22} With regard to an appellate court's function in reviewing the weight of the evidence, this court is required to consider the entire record and determine whether in resolving any conflicts in the evidence, the trier-of-fact "clearly lost its way *Page 6 
and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 23} The record in this case leads to the conclusion that Lester's conviction for tampering with evidence is supported by both sufficient evidence and the weight of the evidence.
 {¶ 24} From Goebel's and Weaver's testimony, a rational factfinder could infer that Lester realized the smell associated with the cigarette alerted the officers to investigate whether drugs were present on it. Lester not only failed to fully comply with the investigation, he grabbed the cigarette in his fist as a manner of concealing it.State v. Brooks, Summit App. No. 23226, 2007-Ohio-506, ¶ 26. His further refusal to submit to their efforts to control that fist, along with his placement of the cigarette into his mouth, chewing and swallowing it as he fought with them, demonstrated his purpose to destroy it. State v.Washington, Cuyahoga App. No. 87688, 2006-Ohio-6027, ¶ 34.
 {¶ 25} The fact that Lester's actions led to the actual loss of the potential evidence, rather than demonstrating a flaw in the state's case, supports a conclusion that appellant's purpose was to "impair its * * * availability," as required by R.C. 2921.12. Id. at ¶ 35. See also,State v. Curlee, Cuyahoga App. No. 88195, 2007-Ohio-1457. *Page 7 
 {¶ 26} Moreover, the officers corroborated each other's testimony in all essential respects. Goebel and Weaver both noticed the odor, both noticed Lester removed from his pockets not only a cigarette, but also a "do rag" and a cell phone, and both observed Lester place the cigarette in his mouth and chew it as he "wrestled" with them. State v.Brooks, supra at ¶ 33-34. Indeed, their testimony was bolstered by Det. Shay's statement that the smell still remained around Lester afterward.
 {¶ 27} Based upon the record, therefore, Lester's conviction for tampering with evidence is supported by both sufficient evidence and the manifest weight of the evidence. His first and second assignments of error, accordingly, are overruled. State v. Curlee, supra.
 {¶ 28} Similarly, his conviction for resisting arrest is supported by both sufficient evidence and the weight of the evidence. Both Goebel and Weaver testified they were seeking the source of the distinctive smell that indicated to them PCP was present. It is reasonable to infer that Lester was aware of their investigation, since he questioned why the driver was detained, and since Lester was the last person to be removed from the car.
 {¶ 29} Lester also was the occupant who possessed a cigarette that appeared to have been "dipped." Based upon these facts, Goebel decided to arrest Lester. Since he had probable cause to make the arrest, it was lawful. State v. Ellsworth, *Page 8 
Cuyahoga App. No. 83040, 2004-Ohio-4092; State v. Bird (Jan. 8, 1981), Montgomery App. No. CA 6836.
 {¶ 30} However, after Goebel announced his intention, Lester fought to keep his left hand away, fought to place the cigarette into his mouth, and fought until it was consumed. Lester's conviction for resisting arrest thus also is supported by the manifest weight of the evidence.State v. Ellsworth, supra.
 {¶ 31} Accordingly, Lester's third and fourth assignments of error also are overruled.
 {¶ 32} Lester's convictions are affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and *Page 9 
MARY EILEEN KILBANE, J., CONCUR
[1] Quotes indicate testimony provided at trial.
[2] The terms were ordered to be served consecutively to an eight-month sentence imposed for Lester's conviction in another case. *Page 1