[Cite as *State v. Relf*, 2013-Ohio-2089.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98798 and 98799**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMIL RELF

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-554305 and CR-554764

**BEFORE:** Keough, J., Stewart, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 23, 2013

**ATTORNEY FOR APPELLANT**

Katrice McCrae
5403 Detroit Avenue
Cleveland, Ohio 44102

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Holly Welsh
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Jamil Relf, appeals from the trial court's judgment denying his presentence motion to withdraw his plea. Finding no merit to the appeal, we affirm.

## I. Background

{¶2} Relf was indicted in Case No. CR-554305 on (1) two counts of aggravated robbery, each with one- and three-year firearm specifications, and notice of prior conviction and repeat violent offender specifications; (2) one count of petty theft; (3) two counts of felonious assault, each with one- and three year firearm specifications, and notice of prior conviction and repeat violent offender specifications; and (4) one count of having a weapon while under a disability.

{¶3} In Case No. CR-554764, Relf was indicted on (1) one count of attempted murder, with one- and three-year firearm specifications, and notice of prior conviction and repeat violent offender specifications; (2) two counts of felonious assault, with one- and three-year firearm specifications, and notice of prior conviction and repeat violent offender specifications; and (3) one count of having a weapon under disability.

{¶4} At a plea hearing on February 29, 2012, Relf, represented by assigned counsel, entered guilty pleas as follows: in Case No. CR-554305, one count of aggravated robbery with three-year firearm and notice of prior conviction specifications, and one

count of having a weapon while under a disability; in Case No. CR-554764, one count of felonious assault with three-year firearm and notice of prior conviction specifications, and one count of having a weapon while under a disability. The remaining counts and specifications were nolled.

{¶5} On March 9, 2012, prior to sentencing, counsel filed a motion to withdraw the plea. In addition, counsel filed a motion to withdraw as counsel due to irreconcilable differences with Relf. On March 20, 2012, the trial court assigned new counsel.

{¶6} On April 30, 2012, upon the recommendation of the court psychiatric clinic, the trial court referred Relf for a 20-day inpatient competency evaluation. Subsequently, on June 28, 2012, the parties stipulated to a report from Northcoast Behavioral Healthcare finding Relf competent to stand trial, and the court set the matter for a hearing on Relf's motion to withdraw his plea.

{¶7} At the hearing, counsel for Relf argued that the motion should be granted because Relf had told him that he was innocent of the charges, he only gave the answers at the plea hearing that his lawyer had advised him to give, and his mother had pressured him to take the plea.

{¶8} Defense counsel, the prosecutor, and the trial judge then asked Relf questions about his recollection and understanding of the plea hearing. Relf testified that he remembered the judge explaining the charges and possible penalties, as well as the rights he was waiving by pleading guilty. He testified that he also remembered telling

the judge that he understood his rights and did not have any questions about the plea proceedings, and that he had not been threatened or promised anything to take the plea.

{¶9}  The court denied Relf's motion to withdraw his plea and proceeded to sentencing.  Counsel for Relf asked the court to take into consideration at sentencing that Relf was only 21 years old and had a serious substance abuse problem, and counsel's belief, based on his contacts with Relf, that "he's fairly low functioning from a cognitive standpoint."

{¶10} The trial court sentenced Relf to an aggregate term of ten years incarceration in each case.  In ordering the sentences to be served concurrently,  the trial judge stated, "[t]he only reason I'm showing you any kind of leniency, and I do think it's leniency, is because I do believe you do have a lower cognitive functioning than the average person."

## II.  Analysis

{¶11} In his first assignment of error, Relf argues that the trial court abused its discretion in denying his motion to withdraw his plea.  Relf contends that the trial court should have granted his motion because presentence motions to withdraw are to be freely granted and, in light of his low cognitive abilities, the trial court erred in relying on his testimony that he understood his rights when he waived them and pleaded guilty.

{¶12} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court

after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶13} In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

{¶14} The decision to grant or deny a motion to withdraw is within the trial court's discretion. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). This court has held that

> [i]t is not an abuse of discretion to deny a presentence motion to withdraw a guilty plea when a defendant: (1) is represented by competent counsel; (2) is given a full Crim.R. 11 hearing before entering a plea; and (3) is given a hearing on the motion to withdraw that plea during which the court considers the defendant's arguments in support of the motion.

*State v. Bridges*, 8th Dist. No. 87633, 2006-Ohio-6280, ¶ 5; *see also State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶15} Our review of the record demonstrates that Relf was represented by competent counsel throughout the proceedings. Additionally, prior to entering his plea, he was given a full Crim.R. 11 hearing at which the court went to great lengths to ensure

that his plea was made knowingly, voluntarily, and intelligently. The record also reflects that Relf was given a full and impartial hearing on his motion to withdraw his plea. At this hearing, the court again made extensive inquiry of Relf to determine whether there was any basis for withdrawing his plea. The record reflects, as the court determined, that Relf understood the rights he was waiving in entering his plea and the effect of his waiver of those rights.

{¶16} Relf's argument that the trial court could not rely on his representations about his understanding of his rights and his waiver of those rights due to his low cognitive ability is without merit. Low cognitive abilities do not necessarily render an individual incapable of understanding the proceedings against them. *State v. Bays*, 2d Dist. No. 95-CA-118, 1998 Ohio App LEXIS 227 (Jan. 30, 1998). Here, the totality of the record does not support Relf's claim that he did not possess sufficient mental capacity to know, understand, and voluntarily waive his rights. He gave responsive answers during both the plea hearing and the hearing on his motion to withdraw his plea, and there is nothing in the record to indicate that he could not process and understand the questions asked of him. Despite Relf's claim otherwise, the record reflects that he understood his rights and the effect of his waiver of those rights. As the prosecutor argued, Relf's attempt to withdraw his plea was due to nothing more than a change of heart. Accordingly, the trial court did not abuse its discretion in denying the motion.

{¶17} The first assignment of error is therefore overruled.

{¶18} In his second assignment of error, Relf contends that both his original and subsequent counsel were ineffective so as to deny him his constitutional right to effective assistance of counsel. He contends that his original lawyer was ineffective because he told Relf what to say even though he did not want to plead guilty. He contends that his subsequent lawyer was ineffective because he did not supplement the motion to withdraw filed by the original lawyer and did not call any witnesses at the hearing. Relf argues that his subsequent counsel was also ineffective because counsel allowed him to testify at the hearing on the motion to withdraw his plea and did not argue that Relf's cognitive delays affected his ability to understand the proceedings.

{¶19} To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable performance and that he was prejudiced by that deficient performance, such that, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Sanders*, 94 Ohio St.3d 150, 151, 2002-Ohio-350, 761 N.E.2d 18. A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶20} Relf's arguments have no merit. There is nothing in the record that substantiates Relf's claim that he was coached and/or coerced to plead guilty by his original counsel even though he did not want to. Instead, the record of the plea hearing

demonstrates that there was an extensive Crim.R. 11 colloquy between the judge and Relf during which Relf was given every opportunity to ask questions and indicate that he did not understand the proceedings. With respect to subsequent counsel, our review of the record demonstrates that counsel adequately argued the motion to withdraw, despite not calling any witnesses. Furthermore, counsel properly allowed Relf to testify about his understanding of the plea proceedings in an attempt to demonstrate that his plea was not knowingly, voluntarily, or intelligently made. And finally, the court was aware of Relf's cognitive abilities. At the hearing on the motion to withdraw, the court had a competency report in which Relf was deemed competent to stand trial. The court also inquired fully of Relf regarding his understanding of the plea proceedings. And the trial judge's comment at sentencing that she was showing Relf leniency because of his low cognitive ability demonstrated that the court was well aware of Relf's intellectual function. Thus, counsel was not ineffective for not arguing that Relf's cognitive delay made it impossible for him to enter a knowing, intelligent, and voluntary plea.

**{¶21}** The second assignment of error is therefore overruled.

**{¶22}** Affirmed. It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, A.J., and
KENNETH A. ROCCO, J., CONCUR